### No. 9221.

### Murray v. Newmyer.

1. Judgment—*Divided Court.* A decision of the court of final resort, though divided, must be considered as a finality.

The court declined to disturb the doctrine of the majority opinion in *Schuler v. Henry*, 42 Colo. 387.

2. Contributory Negligence—*Last Clear Chance.* Where defendant declares that she had knowledge of plaintiff's danger it is not required that the charge should allude to the duty of the defendant, in case by ordinary diligence she might have discovered it.

3. NEGLIGENCE—*Evidence.* Where plaintiff charges a particular act or particular acts, of negligence, he is confined in his proofs to these alone.

4.—*Burden of Proof,* as to the extent of his injuries it is upon the plaintiff.

5. TRIAL—*Weight and sufficiency* of the evidence are within the exclusive province of the jury.

*Department One.*

*Error to Rio Grande District Court, Hon. Jesse C. Wiley, Judge.*

Mr. JAMES P. VEERKAMP and Mr. EZRA T. ELLIOTT, for plaintiff in error.

Messrs. DANA, BLOUNT & SILVERSTEIN, for defendants in error.

Mr. Justice Burke delivered the opinion of the court.

IN this case the plaintiff in error brought suit against the defendants in error for damages for personal injuries in the town of Del Norte in September, 1915, at which time plaintiff was knocked down and run over by an automobile, jointly owned by defendants. This car was driven by the defendant Nell Newmyer; her husband, the other defendant, Grant E. Newmyer was not present. A motion for non-suit as to the defendant Grant E. Newmyer, was sustained. The cause was submitted to a jury as to the other defendant and verdict returned for her, and plaintiff brings error.

The only alleged errors requiring consideration are:

1.   The granting of a non-suit as to Grant E. Newmyer.

2.   The failure of the court to properly instruct the jury on the doctrine of the "last clear chance."

3.   The limitation of plaintiff's recovery to damages occasioned by the particular acts of negligence alleged in his complaint.

4. The burden imposed upon the plaintiff to establish the nature and extent of his injuries.

5. The sufficiency of the evidence to support the verdict.

## I.

It is admitted that the rule laid down in *Schuler, et al. v. Henry,* 42 Colo. 387, 94 Pac. 360, 14 L. R. A. (N. S.) 1009, supports the non-suit in question, but we are urged to overrule that case because the decision was by a closely divided court, and is therefore assumed to be of little weight, and because of the excellent reasoning of the dissenting opinion. The first reason given is no reason.

"A deliberate decision of the highest Court of the State, although pronounced by a devided court, must be considered as stare decisis upon the questions involved."

15 Corpus Juris, p. 938, sec. 326.

"It is well to clear up a misapprehension in the minds of the bar as to the force of a decision of this court in cases in which the court is divided. A dissenting opinion shows that the case has been thoroughly considered. The opinions of the majority govern. When that question arises in future cases, the dissenting justice is as much bound by the decision of the majority as is the Justice who wrote the prevailing opinion."

*Matthews v. Clark, et al.,* 105 S. C. 13, 19, 89 S. E. 471.

Admitting the excellence of the dissenting opinion in the Schuler case we see no reason to disturb the authority.

## II.

On the doctrine of the "last clear chance" the court instructed the jury:

"The fact, if it is a fact, that plaintiff was guilty of contributory negligence by going in front of defendants' car will not defeat his recovery if, after he was discovered in a dangerous position, if any, the defendant failed to use ordinary care in stopping her car and preventing the injury to the plaintiff."

The objection urged to this instruction is that it confines the rule to what defendant knew, instead of extending it to what she might have known "by the exercise of ordinary care and diligence." But in as much as there is no question here of defendant not discovering plaintiff and knowing of his approach (she admits she did so) no necessity exists for the inclusion of the omitted language.

### III.

It is settled in this jurisdiction that when plaintiff specifies a particular act, or acts, of negligence (as was done here) he is confined in his proofs to them alone. *D. E. Co. v. Walters,* 39 Colo. 301, 89 Pac. 815, 7 L. R. A. (N. S.) 1131, 12 Ann. Cas. 521; *E. C. M. & M. Co. v. Sullivan, et al.,* 41 Colo. 241, 92 Pac. 679; *Denver Tramway Co. v. Johnson,* 66 Colo. 50; 179 Pac. 143.

The amount of plaintiff's recovery, if any, depended upon the nature and extent of his injuries. The burden of proving these must have rested upon him. It certainly was no part of the duty of the defendant.

*Murphy v. S. P. Co.,* 31 Nev. 120, 101 Pac. 322, 327, 21 Ann. Cas. 502.

### V.

On the question of the sufficiency of the evidence the contention is that when defendant discovered the peril of plaintiff (which she admits she did as soon as it could have been apparent to any one) she could have stopped the car in time to avoid the injury. There was evidence that at the time of this discovery the car was within five feet of the plaintiff. There is evidence that defendant did every thing she could do to avert the collision, and that a skillful driver could not sooner have stopped the machine. There is also evidence to the contrary, but the credibility of the witnesses and the weight and sufficiency of this evidence were within the exclusive province of the jury, which determined them adversely to plaintiff. We see no reason to disturb that finding.

No reversible error appearing in this record the judgment is affirmed.

Garrigues, C. J., and Teller, J., concur.