## No. 10,948.

FULTON INVESTMENT CO. v. FARMERS RESERVOIR AND IRRIGATION CO.

Decided January 5, 1925.   Rehearing denied February 2, 1925.

Action for damages.   Judgment for defendant.

*Affirmed in Part.*

*Reversed in Part.*

1.   PLEADING—*Negligence.* Where a party alleges specific negligence and no other, he must rely on the specified allegations alone.

2.   *Negligence.* It is permissible, in negligence cases, to plead both specific negligence, and other in general terms, and to introduce proof in support of both.

3.   NEGLIGENCE—*Smoking.* Permitting employes to smoke, may make out a case of negligence under certain conditions.

4.   PLEADING—*By Reference.*  Under Supreme Court rule 2, the
     pleader has no right to adopt wholesale all the allegations of a
     previous cause of action.  He should refer only to relevant parts
     thereof by the words "as in the first cause of action stated," or
     their equivalent.

5.      *Causes of Action—Motion to Separate.*  Where a so-called
     cause of action contains two causes of action, they will stand
     unless a motion to separate is made.

6.   EVIDENCE—*Employes.*  Evidence that men were engaged in the
     work of removing a pipe line for defendant, is prima facie proof
     that they were his employes.

7.   TRESPASS—*Easement—Removal of Personalty—Jury Questions.*  A
     person who has an easement across the property of another
     and is the owner of personalty thereon, upon abandonment or
     termination of the easement may remove his property within a
     reasonable time, upon payment of the damages caused by the
     removal, if any.  The questions of abandonment and reasonable
     time are for the jury.

8.   CONTRACT—*Water Carriage—Construction.*  Where a ditch com-
     pany in consideration of a right of way for a pipe line con-
     tracted with the owner of the land to permit her to use the
     pipe line for the carriage of water so long as she owned stock
     in the company, it is held that having parted with her stock
     and owning none, the removal of the pipe line by the company
     was not a breach of the contract.

*Error to the District Court of the City and County of
Denver, Hon. Julian H. Moore, Judge.*

Mr. EDWIN H. PARK, for plaintiff in error.

Messrs. SMITH & BROCK, Mr. JOHN P. AKOLT, for de-
fendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiff in error was plaintiff below, the court di-
rected a verdict for the defendant and the plaintiff brings
the case here on error.

The complaint, in form, contains two causes of action.
For a first cause of action it alleged that one Alice Hopkins

in 1912 was the owner of section 25-1-68, and granted to said defendant a right of way across the same for a pipe line for irrigation.

The complaint further alleges that at the same time the defendant entered into an agreement granting to said Hopkins, her heirs, successors and assigns, the right perpetually to use said pipe line for the conveyance of water for irrigation on said section 25 and other lands free of cost or other expense, that the plaintiff purchased the land in question of the said Alice Hopkins and that in the month of August, 1921, the defendant* wrongfully entered upon said section 25 and did dig up and remove all of said pipe line, carrying the same away and disposing of it for the use and benefit of said defendant and thereby depriving the plaintiff of all means of irrigating said section 25 except by the replacement of said pipe line. The answer expressly admits that defendant caused the pipe to be dug up and carried away.

The second cause of action is for negligently setting fire to the stubble standing on the land of the plaintiff.

We treat the second cause of action first. The complaint alleges negligent selection of employes and negligent permission to smoke, "and said employes did, by reason of indulging in said habit, *or in some other manner,* carelessly and negligently set fire to the stubble remaining on said lands." The evidence failed directly to show negligence in selection of employes or permission to smoke and did not directly show that smoking caused the fire, but did show that workmen in employ of defendant caused the fire, and defendant claims that because plaintiff specified negligence in selection of employes and permitting them to smoke it could prove no other negligence.

It is true that where one alleges specific negligences and no other, he must rely on the specified ones alone. But here plaintiff has expressly alleged that there was other

* The allegation is that the receiver of defendant did the wrongs but it is conceded that the defendant is liable for his acts and for simplicity we ignore him.

and has given evidence of a prima facie case of another or others. It is strongly intimated in *Colorado, etc. Co. v. Jenkins,* 25 Colo. App. 348, 358, 359, 138 Pac. 437, that this is permissible. Is that intimation contrary to the decisions of this court? In *Denver Tramway Co. v. Johnson,* 66 Colo. 50, 179 Pac. 143, there is no allegation of general negligence. In *Murray v. Newmyer,* 66 Colo. 459, 460, 182 Pac. 838, it is doubtful if there can be said to be any general allegation of negligence. In *Denver, etc., Co. v. Walters,* 39 Colo. 301, 89 Pac. 815, there was none, nor was there in *Elkton, etc., Co. v. Sullivan,* 41 Colo. 241, 92 Pac. 679. We have found none otherwise.

This case, then, is of first impression in this court. We have held that a general statement of negligence is enough against a general demurrer, and we have held that the remedy is motion to make more definite and certain, but we do not know that we have ever held that a plaintiff must in any and every case specify the negligence. There may be cases where he could not, and this seems to be one. The evidence makes a strong prima facie case, i. e., that two employes of defendant were the only persons who could have caused the fire, and negligence is the only hypothesis which would acquit them of arson, if the firing of stubble can be called arson, and we cannot presume crime or willful wrong. We think that the intimation of the Court of Appeals noted above was right, and not in conflict with our former decisions. See also *Walters v. Seattle, etc., Co.,* 48 Wash. 233, 93 Pac. 419, 24 L. R. A. (N. S.) 788; *Kluska v. Yeomans,* 54 Wash. 465, 469, 103 Pac. 821, 132 Am. St. Rep. 1121.

The two workmen must be said, prima facie, to be defendant's servants, because it is admitted that defendant dug up the pipe and they are shown to have been digging it up. In addition it may be said that it is by no means certain that there was not evidence of a prima facie case of negligence in allowing the employes to smoke. *Palmer v. Keene Forestry Association,* 80 N. H. 68, 112 Atl. 798,

13 A. L. R. 995. See also *Jefferson v. Derbyshire Farmers,* 2 K. B. Div. 1921, 281.

But, again, the second cause of action adopts all the allegations of the first cause of action and therefore alleges an unlawful entry, trespass quare clausum fregit, and the evidence makes a good case of that sort without proof of negligence.

We do not think that a pleader has any right, under rule 2, to adopt, wholesale, all the allegations of a previous cause of action or pleading, relevant and irrelevant, material and immaterial, and leave the other parties and the court to conjecture what he really intends to use, and perhaps, as here, making his second cause state three causes of action. The rule was intended to prevent the necessity of repeating the parts relevant to the later count and it was expected that pleaders would refer only to the relevant parts by the words "as in the first cause of action stated" or their equivalent, as was the custom at common law. There was, however, no objection made to the matter below so we do not further notice it here.

It is apparent that the first so-called cause of action states two causes of action, one on contract for breach of an agreement concerning plaintiff's use of defendant's pipe line, and one in trespass for entry on plaintiff's land and digging up the pipe. There was no motion to separate, and so the two causes stand. *Colorado, etc., Co. v. Jenkins, supra.*

The evidence showed prima facie that the employes of the defendant were upon the land of the plaintiff. If it be claimed that there is no evidence that the diggers were employes of the defendant, the answer is that they were about the work of digging up defendant's pipe which is enough, prima facie. This follows also from the express admission that the receiver (i. e. for present purposes the defendant) dug it up. What will happen when defendant undertakes to prove that they were not its employees we do not now consider.

It appears both in the pleadings and evidence that the defendant's entry was for the purpose of removing the

pipe.  There was no express authority to do this, in the contract or deed.  The defendant claims that it had a right to abandon its easement, that its title to the pipe was not lost by failure to remove it, and that it follows that it had a right to enter to remove it.

The parties have favored us with no authorities on these questions and there is great diversity in the decisions which we have found.  38 Cyc. 1056 and 2030.  However, it seems just that if the pipe belonged to defendant it should have a right, within a reasonable time after abandonment or termination of the easement, to take it up on payment of the damage caused by the taking; that whether there was abandonment and whether the time was reasonable were questions for the jury (*Halstead v. Gas Co.*, 17 Pa. Superior Ct., 605), and by the weight of authorities more or less analogous, the title to the pipe is not lost by the termination of the easement.  *Erskine v. Savage*, 96 Me. 57, 51 Atl. 242, and other cases in 38 Cyc. 1056 and 2030.  On this branch of the case then our conclusion must be that defendant had title to the pipe and the right to enter as above stated, that the question of abandonment and reasonable time were for the jury and that therefore the direction of a verdict was error.

The direction of the verdict on the so-called first cause of action, as may be seen from what we have said above, was a direction upon two causes, one in tort and the other on contract; we must therefore consider whether the latter was rightly taken from the jury.  It appeared in evidence that when plaintiff's grantor, Alice Hopkins, in 1912 conveyed to defendant the right of way in question she at the same time and in consideration thereof took an agreement from defendant that she should have the right to use the pipe line to carry a certain amount of water "so long and only so long as she or her heirs, successors or assigns may be the owner and holder of capital stock" of the defendant.  In 1916 she parted with her stock and has never owned any since.  The plaintiff has never owned any.  How then can the plaintiff claim that the contract is broken?  Counsel claims that the Fulton Company has a

right to buy stock at any time and then demand that water be carried through the pipe; but he must, and indeed does, go further; he seeks damages for the breach of the contract by taking up the pipe, he must then be claiming that it is the duty of defendant forever to maintain that pipe in an efficient condition to await the time when plaintiff shall obtain stock and be ready to draw water. We cannot assent to such a claim. The questions what plaintiff's rights would be if the land had been continuously owned by stockholders, or if, before the pipe was removed, plaintiff had obtained stock, are not before us.

The judgment is affirmed as to the cause of action on the contract. As to the action of trespass for entering plaintiff's land and the action for negligently causing the fire, it is reversed and a new trial granted.

We think that for the sake of clearness, the pleadings should be amended, omitting the action on contract, which is now eliminated, and separately stating the other.