## No. 11,443.

### COOPER, ET AL. *v.* NEWMYER.

Decided November 8, 1926.

Action in trover.  Judgment for defendant.

### *Affirmed.*

1. TROVER AND CONVERSION—*Proof—Burden.*  In an action in trover the
   burden of proof is upon plaintiff.

2. JURY—*Province—Courts.*  The duties and prerogatives of the jury are
   not to be trespassed upon, assumed nor usurped by the courts.

3. WAREHOUSEMEN—*Liability.*  A warehouseman is not liable, for the con-
   version of property, to one who has neither ownership nor right of
   possession.

4. APPEAL AND ERROR—*Fact Findings.*  Findings of fact by a jury based
   on conflicting evidence, will not be disturbed on review.

*Error to the District Court of Saguache County, Hon.
Jesse C. Wiley, Judge.*

Mr. JOHN D. WEHRLE, Mr. JAMES P. VEERKAMP, for
plaintiffs in error.

Messrs. LINDSEY & LARWILL, Messrs. CORLETT & COR-
LETT for defendant in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

ACTION in trover.  The parties' names appear here in
the same order as in the trial court.  Plaintiffs are farm-
ers, and defendant is a warehouseman.  Plaintiffs alleged
that they were the owners, and entitled to possession, of
certain potatoes; that they stored them with defendant at

his warehouse; that he failed and refused to deliver them on demand, or to pay the value thereof, which value was stated in the complaint, and that defendant converted the potatoes to his own use, all of which defendant denied. The case was tried to a jury; the verdict and judgment was in defendant's favor, and plaintiff brings the case here for review.

Both parties admit that the complaint states a cause of action. Plaintiffs went to trial upon their claim of ownership of, and possessory right in the potatoes, and defendant relied upon his denial of such plea. Both sides submitted proof in support of their respective contentions.

Plaintiffs are brothers and it appeared that after the potatoes were delivered at defendant's warehouse, they were taken in payment of a debt said to be owed by plaintiffs' father. Defendant proved many facts and circumstances tending to show that the potatoes belonged to the father, such as acts of ownership exercised by him, with his sons' knowledge and consent; that the potatoes were grown on land leased by the father; that he wrote out all checks for picking them and that he helped in hauling them; that the father was a member of the Center Potato Growers' Association, but that his sons were not members, and that the potatoes stored in defendant's cellar were contained in sacks furnished by the association to the father. These and other facts were established, all for the purpose of disproving plaintiffs' claim of ownership and right of possession.

The burden of proof was on plaintiffs; the court found sufficient evidence to go to the jury, and its determination, after hearing all the evidence, was, as we have said, in defendant's favor. The province of juries and appellate courts is dwelt upon at length, at page 494 et seq. in *Denver City Tramway Co. v. Brown,* 57 Colo. 484, 143 Pac. 364, wherein it is pointed out that the jury is a constitutionally organized body, and as much an

integral part of our system of jurisprudence as are the courts, and that the jury has its separate province, duties and prerogatives, not to be trespassed upon, assumed or usurped by the courts. We should not hesitate to direct the setting aside of a judgment based upon a mistaken application of the law, such as the wrongful admission or rejection of evidence, or instructions improperly given or refused, or to revise a judgment caused by any other mistake of law, material and prejudicial to the rights of a party, but no such errors are apparent in this record.

Counsel for plaintiff cite many authorities upon questions of warehousemen's liabilities in conversion, to those owning or having possessory rights in goods stored in warehouses, and upon the measure of damages, but they cite no precedent, and we know of none, making a warehouseman thus liable to one who has neither ownership nor right of possession. The case at bar hinges on this point; such claim is a question of fact upon which the jury has spoken. The matter has been well briefed and argued orally in this court, from which we think that the trial court was right in determining that there was sufficient evidence to go to the jury, and we find nothing to justify us in disregarding the verdict. We have not overlooked plaintiffs' contention that they separately owned some of the potatoes stored, apart from those of their father, but this claim was resolved against them in the verdict of the jury.

The judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.