## No. 11,538.

## FARMERS RESERVOIR AND IRRIGATION Co. *v.* FULTON INVESTMENT Co.

### Decided February 21, 1927.

Action for damages.   Judgment for plaintiff.

### *Affirmed.*

1.  DAMAGES—*Negligence—Crime.* In an action for damages caused by fire, as between the hypotheses of negligence and arson, the court applies the former as it cannot presume crime or willful wrong.

2.  JURIES—*Verdict—Effect.* See Cooper v. Newmyer, 80 Colo. 246.

3.  MASTER AND SERVANT—*Servant or Contractor.* Whether one is a servant or contractor must be determined from all the facts of employment. Method of payment is not necessarily controlling.

4.  WORDS AND PHRASES—*Servant.* A servant is one whose employer has the order and control of work done by him, and who directs or may direct, the means as well as the end.

5.  *"Servant" and "Contractor" Distinguished.* It is the power of control, not the fact of control, that is the principal factor in distinguishing a servant from a contractor.

6.  MASTER AND SERVANT—*Servant or Contractor.* In an action for damages from fire, one supervising the work because of which the fire was started, held, under the facts disclosed, to be a servant of defendant and not an independent contractor.

7.  APPEAL AND ERROR—*Admission of Evidence.* Rulings on admission of evidence held without prejudice where the cause of action to which it applied was dismissed.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. SMITH & BROCK, Mr. JOHN P. AKOLT, for plaintiff in error.

Mr. EDWIN H. PARK, for defendant in error.

*Department Two.*

MR. JUSTICE ADAMS delivered the opinion of the court.

THE Fulton Investment Company, plaintiff in the district court, recovered judgment against the Farmers Reservoir and Irrigation Company, and the latter brings the case here for review. They will be hereinafter designated as in the trial court.

Two causes of action were alleged: first, trespass vi et armis, in taking and carrying away a certain pipe line theretofore installed for the carriage of water to plaintiff's premises; and second, negligent conduct in the removal of the pipe line, resulting in a fire which destroyed the stubble on plaintiff's wheat field. Before the case went to the jury, plaintiff voluntarily dismissed the first cause. The verdict was for plaintiff on the second cause.

1. This case has received our attention before. *Fulton Co. v. Farmers Co.,* 76 Colo. 472, 231 Pac. 61. The question of defendant's negligence was digested, and it is there said at page 475 of the ·opinion: "The evidence makes a strong prima facie case, i. e., that two employes of defendant were the only persons who could have caused the fire, and negligence is the only hypothesis which would acquit them of arson, if the firing of stubble can be called arson, and we cannot presume crime or willful wrong." We have compared the evidence at the two trials, and find the testimony bearing upon negligence as strong, if not more so, at the second trial as at the first. We must therefore adopt the foregoing language, found in our previous opinion. The jury did not

find sufficient evidence, if any, to rebut the prima facie case made by plaintiff. The force we give to the completed works of juries, as announced in their verdicts, acting within their constitutional and statutory province, has been so frequently expressed, that it scarcely needs repetition. See *Cooper v. Newmyer,* 80 Colo. 246, 250 Pac. 559.

2. Another defense was that the work of removing the pipe line was under the exclusive control and direction of an independent contractor, by reason of which defendant pleads non-liability for the damage. But the evidence is otherwise. Hayes was the chief engineer of the Farmers company and Seeley, according to the company, the contractor. Seeley, defendant's witness, testified on cross-examination, without objection, that Hayes was the supervising engineer of the Farmers company; that Hayes was on the work many times; that "he (Hayes) was supposed to be my boss." "Q. (To Seeley) This particular work was done under his supervision? A. It certainly was. He was the inspector. Q. And if you didn't take the pipe out and do the work according to his ideas of what was right about it, he could have stopped you? A. He no doubt could." Hayes, also defendant's witness, testified that he inspected every piece of pipe that was taken out to see that it was all right; that he knew the weather was dry; that the wheat had just been harvested, was subject to fire and very inflammable.

It is not always easy to say whether one is a servant, or an independent contractor. It must be determined by all of the facts of the employment. Defendant gave evidence of the terms of Seeley's employment, that is, how he was to be paid, but this is not necessarily controlling. *Arnold v. Lawrence,* 72 Colo. 528, 530, 213 Pac. 129. A servant is one whose employer has the order and control of work done by him, and who directs or may direct, the means as well as the end. *Arnold v.*

*Lawrence, supra; Industrial Commission v. Bonfils,* 78 Colo. 306, 241 Pac. 735; 39 C. J. 1316. It is the power of control, not the fact of control, that is the principal factor in distinguishing a servant from a contractor. *Industrial Com. v. Bonfils, supra;* 39 C. J. 1316. As said in the Bonfils case, we shall not attempt a comprehensive definition of employee or contractor, but here Hayes was the chief engineer and supervising engineer of the Farmers company. He was regarded both by Hayes and Seeley as ''the boss,'' and comported himself as such. Disobedience to his orders, or failure to carry on the work according to his ideas, might have resulted at any time in Seeley's discharge. Seeley had no independence; it was surrendered to the Farmers company. He cannot be said to be an independent contractor. He was a servant of the Farmers company.

3. With the questions concerning negligence and that Seeley was defendant's servant having both been resolved against defendant, the matters of trespass, and what the result would have been if Seeley had been an independent contractor, become immaterial. Defendant assigns error because of admission of testimony on plaintiff's first cause of action, but since the action was dismissed as to the first cause, and plaintiff took nothing by it there was no prejudice. We find no error in the admission or refusal of evidence, nor in the instructions.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE CAMPBELL and MR. JUSTICE BUTLER concur.