No. 11,841.

JAMES, ET AL. v. McINTYRE, ET AL.

Decided May 31, 1927.   Rehearing denied June 20, 1927.

Action to recover money loaned and invested by reason of false representations of defendants.   Judgment for defendants.

*Affirmed.*

*On Application for Supersedeas.*

1. ACTIONS—*Parties—Misjoinder.*   Where transactions between each of two plaintiffs and defendants, in an action for fraud and deceit, were separate and distinct, there was a misjoinder of parties plaintiff.

2. PLEADING—*Misjoinder.*   Allegations of a complaint in an action for fraud and deceit reviewed and held not to convert into a joint cause of action, causes of action that are separate and distinct, nor to justify the joinder of parties plaintiff.

3. APPEAL AND ERROR—*Record—Briefs.*   Briefs of counsel cannot be permitted to take the place of duly authenticated court records.

4. PLEADING—*Amendments.*   Trial court held not to have abused its discretion when, after striking an amendment and dismissing the complaint, it refused to permit further amendment.

*Error to the District Court of the City and County of Denver, Hon. Henry Bray, Judge.*

Mr. JOHN T. BOTTOM, Mr. PAUL F. IREY, for plaintiffs in error.

Messrs. CRUMP & RILEY, Mr. W. R. RAMSEY, for defendants in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE plaintiffs in error sued the defendants in error on two causes of action. In the first cause of action it is alleged, in substance, that the defendants other than Mary N. McIntyre by false and fraudulent representations, induced the plaintiff James to lend $11,900 to the defendant, the Operative Service Corporation; that at another time the same defendants, by similar false and fraudulent representations, induced the plaintiff Downey to invest $5,000 in the same company; that $300 were returned to the plaintiff James; that the defendants have been guilty of malice, fraud and willful deceit or negligence, consisting of a reckless disregard of the rights of the plaintiffs, and each of them; and that the plaintiffs have been damaged in the sum of $11,600 by reason of the moneys advanced, and in the further sum of $5,000, "including the reasonable expense of prosecuting this action." Such is the first cause of action, stripped of its verbiage. There are many other averments; but as they have no place in an action for damages for deceit, they will not be noticed in this connection.

In the second cause of action it is alleged that the defendants "had and received to the use of the plaintiffs" $16,600, which they refuse to pay to the plaintiffs, or either of them. This cause of action incorporates by reference all the averments of the first cause of ac-

tion, a practice condemned by this court in *Fulton Inv. Co. v. Farmers R. & I. Co.,* 76 Colo. 472, 231 Pac. 61. Among the averments thus incorporated, is the allegation of damages. So there are commingled in one statement two wholly distinct and inconsistent causes of action; one implying the affirmance of the contract, and the other implying its rescission.

A demurrer for misjoinder of parties plaintiff and for misjoinder of causes of action was sustained, and the plaintiffs filed an amendment to the amended complaint. On motion, the court struck the amendment from the files and dismissed the complaint. Thereupon, the attorneys for the plaintiffs asked leave to dismiss the case as to the plaintiff Downey, which application was denied.

1. The transaction between the plaintiff James and the defendants, and that between the plaintiff Downey and the defendants, whereby each plaintiff claims to have been defrauded, were not joint, but separate and distinct, transactions. The trial court was right in holding that there was a misjoinder of parties plaintiff. 12 R. C. L. p. 415, § 162. The plaintiffs sought to avoid this result by other allegations, inserted in the first cause of action and by reference incorporated into the second. Thus it is alleged that $10,000 of the moneys loaned by the plaintiff James were deposited by defendant John A. McIntyre in bank to the credit of defendant Mary N. McIntyre, and that at that time she had knowledge of the fraud; that because plaintiff James could not raise an additional amount that he had promised to lend the Operative Service Company, the defendants induced plaintiff Downey to lend money to that company; that there was a resulting rearrangement of promissory notes and certificates of stock; that the plaintiffs were elected officers of the Operative Service Corporation; that there was no money in its treasury other than that loaned by the plaintiffs; that the plaintiffs are entitled to an equitable lien upon the property of that company;

that all the defendants other than Mary N. McIntyre are insolvent, and that her property can be reached only in an equitable proceeding. The certificates of stock were not issued to the plaintiffs jointly, but each plaintiff received certificates for the number of shares to which he was entitled. These allegations do not convert into a joint cause of action causes of action that are separate and distinct; nor do they in any manner justify the joinder of James and Downey as parties plaintiff in this action.

2. The attorneys for the plaintiffs, in support of an assertion that the defendants waived the right to object that there was a misjoinder, state in their briefs that an answer was filed to the original complaint. There is nothing to that effect in the record before us. The record does not go back of the filing of the amended complaint. Briefs of counsel cannot be permitted to take the place of duly authenticated court records.

3. Complaint is made of the trial court's refusal to permit a dismissal of the case as to the plaintiff Downey. The plaintiffs filed one amended complaint, and thereafter filed an amendment thereto, which failed to cure the defect in the amended complaint, and for that reason was stricken from the files. We cannot say that the trial court abused its discretion, when, after striking the amendment and dismissing the complaint, it refused to permit further amendment.

A mandamus case is held in abeyance, awaiting the final disposition of this case. For that reason, counsel join in requesting a final decision on application for supersedeas. It is proper to grant the request.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.