## No. 11,945.

### BARR *v.* HENSON.

Decided January 3, 1928.   Rehearing denied February 6, 1928.

Action for damages.   Judgment for defendant.

*Affirmed.*

## On Application for Supersedeas.

1. INSTRUCTIONS—*Surplusage.* It is admirable for the court to eliminate confusing surplusage from instructions.

2.      *Requests.* The refusal of a requested instruction which contained an imperfect declaration in tort, was not error.

3. APPEAL AND ERROR—*Instructions—Harmless Error.* Refusal of an instruction requested by plaintiff concerning punative damages held without prejudice and harmless, where the verdict was for defendant.

4.      *Fact Findings.* Fact findings of the jury based on conflicting evidence will not be disturbed on review.

5. JURY—*Province.* The determination of questions of fact is for the jury.

*Error to the District Court of the City and County of Denver, Hon. Samuel W. Johnson, Judge.*

Mr. J. W. KELLEY, Mr. J. D. KELLEY, Mr. W. R. RAMSEY, for plaintiff in error.

Messrs. CRUMP & RILEY, for defendant in error.

*Department Two.*

MR. JUSTICE ADAMS delivered the opinion of the court.

MRS. Barr was plaintiff and Mrs. Henson defendant in the trial court. We so refer to them here.

Plaintiff and defendant jointly acquired, as tenants in common, title to a ranch in Las Animas county, through an assignment of a certificate of purchase, by the purchaser at a foreclosure sale. No question of title is involved. The property was to have been paid for equally between them. Plaintiff claimed that she paid more than defendant; that the latter misrepresented the amount of the purchase price, and so plaintiff brought suit to recover actual and exemplary damages. Defendant filed her answer and cross complaint, in which she denied plaintiff's charges, and said that she had paid more than her share, and in consequence, plaintiff owed her. Defendant recovered a part of her claim before the jury, and judgment against plaintiff was accordingly entered. Plaintiff prosecutes error and asks for a supersedeas.

1. Plaintiff had two theories, that of contract in the first cause of action, and fraud and deceit in the second count. In stating the issues, the court fully instructed the jury on the first cause, but omitted the second, by reason of which plaintiff assigns error. The tendered instructions contained a duplication of the narrative of the transaction from plaintiff's standpoint. The instructions as given contained but one such recital. It was admirable in the court to eliminate such confusing sur-

plusage. If it should be conceded that plaintiff had the right to have both theories submitted to the jury, nevertheless the requested instruction was defective in another particular—it failed to state plaintiff's claim that the falsity of the alleged representations was unknown to plaintiff, and that they were made by defendant with intent to deceive and defraud plaintiff. The refusal of an instruction that contained an imperfect declaration in tort was not error.

2. Plaintiff assigns error based on the refusal of the court to instruct the jury concerning punitive damages, and about findings to be made by the jury, to be used as the basis of a body execution in plaintiff's favor, under §§ 5964 and 5965, C. L. 1921. Whether the instruction should have been given when requested is of no moment now, because as the case turned out, the omission did not prejudice plaintiff. The jury found that plaintiff was not entitled to any damages; on the contrary, it found that plaintiff owed defendant. A verdict that would award exemplary damages against defendant and send her to jail if not paid, when she was right and plaintiff was wrong, would inject a feature hitherto unknown in the anatomy of law.

3. One H. M. Hogg was the purchaser at the foreclosure sale. Defendant negotiated the purchase from him through one F. H. Lott, to whom a commission and expenses were paid. Plaintiff came into the deal afterwards, and claims that she did not know about Lott; that she should not have been charged with any share of the money paid to him, but only with the net amount paid to Hogg, and certain taxes. There is evidence, however, that plaintiff did know of Lott's connection with the transaction. Her counsel asked for an instruction, which was given, that covered his theory as to Lott, but it was adversely determined by the jury. The evidence was conflicting, and the verdict binds us.

4. All legitimate items of expense, and payments on the purchase price by each party, so that each would bear

one-half, were submitted to the jury. The jury computed them, and found a balance due to defendant. Thirty or more items were involved; plaintiff assigns numerous errors, by reason of the allowance of items in defendant's favor, but the instructions fully and fairly covered the essential features of the case, and the jury determined the facts, which was their province. *Denver City Tramway Co. v. Brown,* 57 Colo. 484, 494, 495, 143 Pac. 364; *Cooper v. Newmyer,* 80 Colo. 246, 247, 248, 250 Pac. 559.

We have yielded to the request of counsel for the parties to render final decision on this application for supersedeas, and have considered all arguments presented, but none of them lead us to believe that there is any reversible error. We are convinced that plaintiff lost on the merits only because she was wrong in her contentions.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE CAMPBELL and MR. JUSTICE BUTLER concur.