No. 18,434.

R. L. WALDEN, ET AL v. RAY J. KOEHLER.

(349 P. [2d] 379)

Decided February 16, 1960.

Messrs. SMITH, PYLE & JOHNSON, for plaintiffs in error.

Mr. ROBERT D. INMAN, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THE three plaintiffs in error were engaged in the installation of heating equipment. They will be referred

to as Waldens. The defendant in error was one of two persons against whom the action was filed in the county court. He will be referred to as Koehler.

Waldens filed the action against Koehler and one Hurd to enforce payment of the cost of installation of a furnace in a residence property belonging to Koehler. Judgment was entered in favor of the defendant Koehler to review which Waldens are here on writ of error.

Pertinent facts which give rise to the controversy are not in dispute. In substance they are as follows:

One Hurd was a real estate broker. He was the agent of one Ericson for the purpose of selling property in Englewood, Colorado, upon which the construction of a residence had been started but not completed. Koehler bought the property from Ericson, and thereupon entered into an agreement with Hurd. Koehler freely admitted that a letter from Hurd which was introduced in evidence was a correct statement of the contract which he had with Hurd. This document is as follows:

"August 20, 1954

"Mr. Ray J. Koehler
320 Empire Building
Denver, Colorado

"AGREEMENT

"It is hereby understood and agreed that upon the sale of property located at 4744 So. Grant by Ray J. Koehler, Dick Hurd Realty agrees to pay a net profit of $1,000.00 to the seller.

"This agreement is made with the understanding that Ray J. Koehler is to pay the costs of the finishing of the above property and that Dick Hurd Realty shall see that all work is done, and all costs and bills are submitted to Ray J. Koehler.

"It is further understood and agreed that no whork [sic] shall be done and no purchases made whatsoever without the consent and approval of Ray J. Koehler.

"This agreement shall be null and void if Ray J. Koehler cannot obtain satisfactory Title to the above

property from the First Federal Savings & Loan Association of Englewood or any other party who may have any interest in the above described property.

Broker, DICK HURD REALTY<br>Dick Hurd"

Under this contract, Hurd saw to it that the building was completed. September 2nd, 1954, a contract was entered into with Waldens for the installation of a furnace in the residence. This contract was executed by the purchaser as follows: "Ray J. Koehler by Richard F. Hurd, agent."

The furnace was installed. It has not been paid for. Koehler denied liability on the ground that Hurd was an independent contractor. Hurd went bankrupt, and at the time of the trial was in prison. The trial court gave judgment against Hurd, but held that Koehler was not liable for the reason "that no agency exists in which the defendant Koehler was principal and the defendant Hurd was agent."

The trial court found "that the defendant was in a fiduciary capacity to the defendant Koehler, in that he held as trustee for the benefit of the plaintiffs the sum of $376.00, and that failure on the part of the defendant Hurd to pay over and deliver said amount to the plaintiffs Walden, was an act by its nature, fraudulent or constituting embezzlement, misappropriation or defaultcation [sic]."

The evidence shows conclusively and without contradiction that Hurd was authorized to do whatever was necessary to complete the house and make it salable, including the installation of a heating system; that Koehler knew Hurd was doing what was necessary to complete the structure and was supplying the money to Hurd to bring about this result. Koehler himself testified, in part:

"Q. Dick Hurd doesn't hold any funds that you gave him for completion of the property — A. Now? Q. Now. A. Well, he holds money that I paid for the furnace; that

is what he holds. Q. You claim that you have paid for the furnace, is that right? A. Yes, sir. Yes, sir. Q. To whom did you make your payment? A. I paid Dick Hurd."

Under the uncontradicted material facts in evidence a clear case of liability against Koehler was shown. There is no evidence in this record to support a finding that Hurd was an independent contractor.

The distinction in law between a servant or agent of a principal and an independent contractor is clearly set forth in *Farmers Reservoir and Irrigation Co. v. Fulton Investment Co.*, 81 Colo. 69, 255 Pac. 449. The relationship between Hurd and Koehler with reference to the subject matter of this action was clearly that of principal and agent.

The judgment is reversed with directions to enter judgment in favor of Waldens against Koehler for $376.00 plus interest and costs.