SMITH *v.* HERTZ & HOSBACH CO.

1. CONTRACTS—TRIAL—DIRECTING VERDICT—WORK AND LABOR—QUESTIONS OF FACT.

It is not error prejudicial to defendant, in an action for the contract price of work and labor in repairing an engine, to submit the case as a question of fact to the jury, under testimony on the part of the plaintiff, admitted by that of the defendant, that services had been performed and payment therefor had not been made.

2. SAME—PERFORMANCE—SKILL REQUIRED — RIGHT TO COMPENSATION.

One who employs a machinist engaged in the business of reconstructing machinery, to repair imperfect machinery, is entitled to the employment of reasonable skill on the part of the machinist and may rely on his reasonable competency to do the work.

3. SAME—INSTRUCTIONS TO JURY—QUESTIONS OF LAW AND FACT.
   It is error to charge the jury that, as a matter of law, a part
   of the machinery which defendant claimed was defectively
   and unskillfully repaired had nothing to do with the alleged
   trouble in operating the engine.

4. SAME—QUESTIONS FOR JURY.
   The plaintiff and his witness being in disagreement as to the
   compensation, it was error to charge the jury generally that
   if they believed the plaintiff's case he could recover.

Error to Wayne; Donovan, J. Submitted February
14, 1910. (Docket No. 141.) Decided March 19, 1910.

Assumpsit by Joseph M. Smith against the Hertz &
Hosbach Company, Limited, for services rendered. A
judgment for plaintiff is reviewed by defendant on writ
of error. Reversed.

*May & Dingeman*, for appellant.

*George B. Greening*, for appellee.

MOORE, J. Plaintiff is engaged in the business of
building and remodeling old factories, reconstructing
machinery, and installing engines in the city of Detroit.
In July, 1907, he was engaged by the defendant to super-
intend and install an engine in the defendant's plant. He
claims it was agreed that he should charge $6 a day and
$3 a half day. To use plaintiff's words:

"If I went on the job at all, I would charge him a half
day, and if I went twice, I would have to charge him a
full day."

Defendant was to furnish the necessary assistance.
Plaintiff claims that soon after the work was commenced
it was not progressing as rapidly as it should, and that
upon the suggestion of the manager plaintiff procured for
defendant one of his assistants to work for defendant, and
that it was agreed that plaintiff should pay him and
charge it up to defendant. Mr. Hertz, the manager,
denied the contract as stated by the plaintiff and claims

that plaintiff was employed to superintend the installation
of the engine, and was to put in his entire time; that the
defendant should furnish the necessary assistance out of
its factory. He further claims that after the plaintiff had
worked about 10 days he placed his assistant in charge,
and that defendant supposed the assistant was taking the
place of plaintiff during his absence. The defendant
claims that about the middle of September plaintiff in-
formed defendant the engine was ready for operation;
that defendant notified its men to report for work on the
next day, Monday; that on that day the engine worked
for a short time, when it had to be shut down; that the
plaintiff and his assistant attempted to remedy the defect,
and again announced the engine as ready for operation the
following day; that the same difficulty was experienced
on Tuesday; that plaintiff renewed his efforts to get the
engine in running order, and reported it ready for Wed-
nesday, with the same result; that on Thursday the same
thing occurred. It is further claimed defendant dis-
charged plaintiff, and telephoned to the Fulton Iron
& Engine Works, who sent up a man to work on the en-
gine; that on the following Sunday defendant sent for
Mr. Alexander Kerr, an engineer connected with the Ful-
ton Iron & Engine Works, and in about an hour Mr.
Kerr had discovered the defect, and the engine was put
in running order, and has been running ever since.

Defendant paid plaintiff $50 while the work was in pro-
gress. After plaintiff was discharged, he presented a bill of
$309.35, less the $50 paid. In this bill plaintiff charged
defendant at the rate of $6 a day for his own time, and at
the rate of 60 cents an hour for the time of his assistant.
Defendant refused to pay the bill as rendered, claiming it
was excessive. Suit was brought in justice's court.
Plaintiff had verdict in that court for $120.65, from which
he appealed, and upon a trial before a jury in the Wayne
circuit court plaintiff recovered a verdict of $289.35. The
defendant brings the case here by writ of error.

160 MICH.—28.

Plaintiff testified in part as follows:

"That he stated to Mr. Hertz: 'This work is not going along as fast as it should; we ought to get some more men that understand more thoroughly about this work'— and he says 'Do you know of any?' I says: 'I have one man working now on the job; I can take him off,' and he says, 'You take him off, and send him up here.' * * * I says, 'About this man's time!' 'You pay him and put it in with your bill, and I will give you some money.' * * *

"Q. How much per hour did you agree to pay the machinist?

"A. Sixty cents. That was the regular price at that time, but much more today. At that time 60 cents per hour was a machinist's price."

The assistant testified in part as follows:

"Q. How much did you get per hour?
"A. When I first started?
"Q. On this Hertz & Hosbach job?
"A. Forty cents."

Again:

"I was to get 40 cents an hour; I was getting 40 cents an hour."

The plaintiff charged defendant for 264 hours of work by his assistant at 60 cents an hour, and the jury found for the plaintiff on the basis of 60 cents an hour.

The testimony offered on the part of the respective parties was as conflicting as it could well be. There are a great many assignments of error. They will not all be discussed.

It is claimed there was no evidence to show the time spent by the plaintiff, except his books of account; that the foundation was not laid for their introduction, and that a verdict should have been directed for defendant. The testimony of plaintiff and of his bookkeeper as to the amount due was admitted without objection. There was objection made as to the admission of the books. But it is not at all clear from the record that they were admitted and used as evidence. The evidence introduced on the

part of the defendant shows that both plaintiff and his assistant did work for which plaintiff has not been paid. It follows that it would not have been proper to direct a verdict.

It was the claim of the defendant that plaintiff and his assistant, either through carelessness or incompetency, failed to make the engine work; that defendant was put to much expense to make it work. It was the claim of plaintiff that the only trouble with the engine grew out of the use of oil, in which sand had accumulated during the making over of the building. As bearing upon this phase of the case, the court was asked by the defendant to charge as follows:

"(3) If you believe from the evidence that because of the incompetency or neglect of plaintiff or his help, defendant was obliged to and did pay the Fulton Iron Works $40 to complete the job, you will give the defendant credit for that amount.

"(4) Plaintiff is not entitled to pay for any time spent by him or his helper in correcting their mistakes, if you find that any were made, because of carelessness or incompetency on their part."

These requests were refused, and the jury were instructed as follows:

"Now, gentlemen of the jury, as to a man hiring one man and being mistaken in his skill. The law does not require every man to have the same skill; the law does not require every doctor to be as smart as every other doctor; or every lawyer to be as smart as every other lawyer; or every business man or banker to be equal to every other man—that is not the rule at all. If you pick your doctor, you have to pay him. If you pick your lawyer, you have to pay him. If you pick your banker, you have to do business with him. There is no hard and fast rule of that kind at all. I leave it to you as to whether the man is competent to do the work, or whether it was the fault of the machinery itself. I leave it to you as to whether he performed what he agreed to perform."

We think the rule stated by the court was not the correct one as applied to this case. In making a contract of

this character the defendant had a right to rely upon the plaintiff being a man at least reasonably competent to do the work which he undertook to do, and that he would be at least reasonably diligent.

Complaint is made of the following portion of the charge:

"Another witness also found trouble in the machinery itself, and that it was not made properly. It had nothing to do with the part plaintiff did. You heard the plaintiff's side. If you believe it, he made out his case, he and his witnesses. You heard, on the other hand, the defendant's side, that he complained, turned off one man, and complained that the man was not doing the work right, and he now complains, or did yesterday to the jury, that even the head man himself, the plaintiff, was not an expert. I leave that to you. You are the judges of whether he was competent or not."

There was a dispute as to what caused the trouble with the engine, and we think the judge ought not to have said to the jury that what the witness testified was not made properly, "had nothing to do with the part the plaintiff did." Earlier in the opinion we have quoted from the testimony of the plaintiff, and from the testimony of his assistant, as to the compensation to be paid to the assistant. This testimony does not harmonize. In view of the record the judge ought not to have said:

"You heard the plaintiff's side. If you believe it, he made out his case, he and his witnesses."

As the jury gave verdict for the highest number of hours it is claimed the assistant worked, at 60 cents an hour, when he swore he was to be paid 40 cents an hour, the danger of such a charge is made apparent. See *Henderson* v. *Railway Co.*, 116 Mich. 368 (74 N. W. 525).

Judgment reversed and new trial ordered.

HOOKER, MCALVAY, BROOKE, and STONE, JJ., concurred.