No. 10,170.

ARNOLD *v.* LAWRENCE.

Decided February 5, 1923.

Action to recover for labor and material furnished under contract. Judgment for plaintiff.

*Reversed.*

1. WORDS AND PHRASES—*Servant.* A servant is one whose employer has the order and control of the work done by him, and who directs, or at any moment may direct, the means as well as the end.

2.        *Contractor.* One who contracts to do certain work for another, furnishing his own laborers, implements and materials, is a contractor, not a laborer, even though paid by the day.

3. CONTRACT—*Skill and Care.* The law reads both skill and care into a contract for furnishing materials and painting buildings.

4. EVIDENCE—*Contract—Lack of Skill.* While a contractor may escape liability for negligent and unskillful work, by a contract for inspection and approval during its progress, evidence of such a contract is inadmissible where there is no pleading to support it.

*Error to the District Court of Otero County, Hon. James A. Park, Judge.*

Messrs. SABIN, HASKINS & SABIN, for plaintiff in error.

Mr. H. M. MINOR, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error was defendant, and defendant in error was plaintiff in the trial court and they are hereinafter so designated.

Plaintiff brought this action to recover $585.15 alleged to be due him for painting defendant's dwelling and garage. A verdict was returned in his favor for $550.50 and interest and to review the judgment thereupon entered defendant prosecutes this writ.

In the complaint plaintiff describes himself as "a contractor in the business of house painting * * * furnishing his own paints, oils, varnishes, wall paper and other materials," and describes the location of his "store." He alleges that defendant "entered into a verbal contract with him to furnish painters and materials to paint a certain dwelling house and garage * * * in which contract and agreement the defendant promised and agreed with the plaintiff for each and every day of eight hours of work done under said contract to pay the plaintiff the sum of $5.00 and * * * to pay him a reasonable and fair market price for all paints, oils, varnishes and other necessary materials that he would use in painting the defendant's said houses under said contract. And the entire cost of all of said labor and material * * * was to be due and payable as the work progressed and at the time when the last work was done."

The defendant admits the contract, but adds thereto that the agreement was to furnish competent workmen and do skillful work. He alleges that the men were incompetent, the work unskillfully performed, the hours short, the material wasted, and pleads his damages by reason thereof. He admits liability in the sum of $400.00 and tenders that amount. The replication denies all new matter.

It appears from the evidence that defendant and his wife inspected, or had opportunity to inspect, the work during its progress and did not make the objections thereto which are set out in the answer. It also appears that such were not the reasons given for directing plaintiff to quit.

The court instructed the jury, in substance, that under such circumstances plaintiff was defendant's servant, employed by the day, and that said defenses would not defeat

his claim for wages. This was equivalent to an instructed verdict.

Whether plaintiff was a day laborer, or defendant's servant or employee, or whether he was a contractor, depends upon all the facts of the employment. The measure of his compensation is but one of these facts and not necessarily a controlling one. For the purposes of this case the following definitions are applicable.

A servant is one whose employer has the order and control of the work done by him and who directs, or at any moment may direct, the means as well as the end. *Powers v. Mass. Hom. Hosp.*, 109 Fed. 294, 47 C. C. A. 122, 65 L. R. A. 372.

Where the work done involves the furnishing of capital, implements, shop facilities and assistants, the person undertaking it is a contractor, not a laborer, servant or employee. *Campfield, et al. v. Lang, et al.*, 25 Fed. 128.

One who contracts to do certain work for another, furnishing his own laborers, implements and materials, is a contractor, not a laborer, even though paid by the day. *Tod, et al. v. Ky. Ry. Co., et al.*, 52 Fed. 241, 243, 3 C. C. A. 60, 18 L. R. A. 305.

Plaintiff was in the business of a painting contractor furnishing his own materials, not working by the day for others under their directions. His admitted contract was to furnish men and materials to paint the houses, i. e., complete the entire work, not to paint them himself, or merely do painting on them by the day. Had his compensation been a lump sum there could be no question of his status as a contractor. We do not think that status altered by the fact that such compensation was fixed at $5.00 for eight hours, plus the reasonable price of materials.

There is neither plea nor evidence of an agreement releasing plaintiff from responsibility for unskillfulness or negligence. The law reads both skill and care into such a contract. *Smith v. Hertz & Hosbach Co.*, 160 Mich. 431, 125 N. W. 368.

Plaintiff could of course escape such liability by a contract for inspection and approval of the work during its progress, either by defendant or his agent. There is evidence of such a contract but there is no pleading to support it and it should have been excluded.

If defendant or his agent inspected, or had an opportunity to inspect, the work during the progress thereof and made no objection thereto, such facts, with explanations, if any, were proper to go to the jury as bearing upon the questions in dispute.

It is alleged and denied: 1. That the workmen were incompetent. 2. That the work was unskillfully performed. 3. That the men worked short hours. 4. That materials were unnecessarily consumed or wasted. 5. That defendant was damaged by these things or some of them. Such are the questions for the jury in this case.

The judgment is accordingly reversed and the cause remanded for further proceedings in harmony herewith.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE ALLEN concur.