No. 25,521.

GEORGE MCKINSTRY, *Appellee*, v. THE GUY COAL COMPANY, a Copartnership, etc., *Appellants*.

### SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT— *Workman Paid by Quantity of Coal Mined—Within Compensation Act.* A workman who is paid wages by the piece or quantity comes within the workmen's compensation act the same as one who is paid by the day.

2. SAME—*Evidence—Workmen Entitled to Maximum Compensation for Total Disability.* There was competent and sufficient evidence to sustain the conclusion of the court that under the workmen's compensation act, the plaintiff was entitled to the maximum amount of compensation for total disability, fifteen dollars per week for a period of eight years.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed May 10, 1924. Affirmed.

*Al F. Williams, Don H. Elleman,* both of Columbus, and *A. H. Seddon,* of Kansas City, Mo., for the appellants.

*Charles Stephens,* and *F. E. Dresia,* both of Columbus, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This action is one to recover under the workmen's compensation act. Judgment was rendered in favor of the plaintiff for the maximum amount allowed for total disability, and the defendant appeals.

McKinstry v. Coal Co.

1. The first proposition contended for is that the plaintiff was not an employee of the defendant within the meaning of the workmen's compensation act. The defendant was operating a coal mine in Cherokee county. The plaintiff with his boy was digging coal for the defendant at sixty cents for each mine car of coal produced. The plaintiff furnished his own tools and supplied his own material, such as powder, fuses, paper, etc., to be used in mining coal. The defendant argues that this made the plaintiff an independent contractor and took him out of the operation of the workmen's compensation act. The defendant cites *Pottorff v. Mining Co.*, 86 Kan. 774, 122 Pac. 120; *Maughlelle v. Mining Co.*, 99 Kan. 412, 161 Pac. 907; *Klapper v. Mining Co.*, 108 Kan. 61, 104 Pac. 315; *Farmer v. Purcell*, 109 Kan. 612, 201 Pac. 66. None of those cases support the defendant. In the first three of the cases cited, an entire coal mine had been leased, and the lessors were held not liable to a workman employed by the lessee, in the first for negligence, and in the last two under the workmen's compensation act. In the last case cited, the person who claimed compensation had been employed by one who had contracted to remove saw dust from a sawmill.

Employees are often paid by the piece or quantity, generally known as piece work. The evidence shows that many miners in the vicinity of the mine in which the plaintiff was working were paid so much a ton for mining coal. Here, the plaintiff was paid so much a car. The plaintiff did not have a contract to do any certain amount of work, to work any given number of days, to produce any definite number of cars or tons of coal, or to mine the coal from any particular place. The defendants could have discharged the plaintiff at any time for any reason whatever. For the purpose of this case, wages may be appropriately defined as that which one pays to another for labor performed. That labor may be by the hour, by the day, by the week, by the month, or by the piece. (3d Bouvier Law Dict., p. 3417; 8 Words and Phrases, p. 7372; 4 Words and Phrases, 2d series, p. 1219.) In a note to 40 Cyc. 240, it is said that "wages may be measured by the time, by the ton, by the piece, or by any other standard." A large number of cases are cited in the note. If the contract had been to mine a certain amount of coal or to mine all the coal from a certain place, the contention of the defendant might be good; but that is not the

13—116 Kan.

situation. The plaintiff was an employee within the meaning of the workmen's compensation act.

2. It is contended that there was neither competent nor sufficient evidence to fix the basis on which to estimate the compensation to be paid the plaintiff. The plaintiff had been working for the defendants two or three months only. Part of the time he had worked by the day, for which he received $8 a day, and the remainder of the time he had received sixty cents a car for the coal mined by him and his son. The plaintiff testified that after he commenced to mine coal by the car, he and his son earned on an average of $6 a day each and that sometimes it ran up as high as $10 a day each. A witness who was employed in mining coal in the vicinity of the mine in which the plaintiff was injured, testified that the usual wage in that vicinity was $8 a day, and that he had received in wages for the previous year's work, approximately $1,700 or $1,800.

There was evidence which tended to show that neither this mine nor any of the others in its vicinity operated full time. When the mine in which the plaintiff worked was not in operation, he did not earn wages, but his compensation should not be reduced because the mine did not run full time. His compensation should be calculated for the period fixed by law, at the rate fixed by law, whether the mine was operated all the time or only part of the time. At $6 a day, he would earn $36 in a week of six working days, and if the mine ran full time, he would earn $1,872 in a year. Sixty per cent of $36 would be $21.60, or more than the maximum amount allowed by law.

The statute should be examined to determine whether the plaintiff's compensation should be reduced for the time that the mine was closed. Section 44-511 of the Revised Statutes in part reads:

"The average annual earnings of a workman shall, for the purpose of the provisions of this act, be computed as follows: (a) Where the workman has been continuously employed by the same employer for one year or longer, the actual amount of money paid by the employer to the employee as wages or remuneration for his services during the year immediately preceding the injury, undiminished by loss due to absence from work on account of illness or other unavoidable cause. (b) Where the workman has been employed less than one year by the employer in whose employ he received the injury, 52 times the average weekly amount which, during the twelve month immediately preceding the accident, was being earned by a person in the same grade employed at the same work by the same employer, undiminished by loss due to absence from work on account of illness or other unavoidable cause; and

if there is no person in the same grade employed at the same work by the same employer, then 52 times the average weekly earnings of a person in the same grade employed by the same or other employer in the same district at the same or similar work or employment."

Closing the mine, so far as the plaintiff was concerned, was an unavoidable cause preventing him from work. Under the statute, the time during which the mine was closed, should not be considered for the purpose of reducing the compensation of the plaintiff.

There was sufficient competent evidence to fix the basis on which to calculate the compensation that should be paid to the plaintiff. That evidence showed that he was entitled to the maximum amount, $15 per week for eight years.

The judgment is affirmed.