No. 11,178.

INDUSTRIAL COMMISSION, ET AL. v. GLOBE INDEMNITY CO.,
ET AL.

Decided April 6, 1925.  Rehearing denied May 4, 1925.

Proceeding under the workmen's compensation act. Judgment against claimant in the district court.

*Reversed.*

1.   WORKMEN'S COMPENSATION—*Status of Claimant.*  Under the facts disclosed claimant is held not to have been the employe of an independent contractor, but of the defendant hospital, and entitled to compensation as such.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. W. L. BOATRIGHT, Attorney General, Mr. JOHN F. REYNES, Assistant, for plaintiffs in error.

Mr. D. L. WEBB, Mr. FRED N. HOLLAND, for defendants in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error Thompson was injured while painting the buildings of defendant in error hospital, whose compensation insurance was carried in defendant in error, Globe Indemnity Company.  Thompson was awarded compensation by the Industrial Commission.  Defendants in error thereupon brought this action in the district court which reversed the Commission.  To review that judgment this writ is prosecuted.

The record does not disclose the ground of the reversal,

but it is here contended that Thompson was not employed by the hospital, but by one Cain alleged to have been an independent contractor. For that reason it is said there is no evidence to support the award. No other question need be considered.

Defendants in error cite *Arnold v. Lawrence,* 72 Colo. 528, 213 Pac. 129. We think that authority is against them. That case was taken from the jury on the theory that the plaintiff was a day·laborer, in the face of the allegation that he had agreed to furnish competent workmen and do skillful work, which agreement he had violated to defendant's damage. We there held that the fact was for the jury. We stated, by the citation of approved authorities, that: "A servant is one whose employer has the order and control of the work done by him and who directs, or at any moment may direct, the means as well as the end." "One who contracts to do certain work for another, furnishing his own laborers, implements and materials, is a contractor, not a laborer, even though paid by the day." "Plaintiff was in the business of a painting contractor furnishing his own materials, not working by the day for others under their directions. His admitted contract was to furnish men and materials to paint the houses, i. e., complete the entire work, not to paint them himself, or merely do painting on them by the day."

In the instant case Cain testified that he had no contract; that he was hired to do certain work; that "they trusted me to make out the bills and get the work done;" that he was a painter who did work both by contract and day's labor; that he had first been directed to paint the operating rooms at the hospital "and then they gave me the outside to go ahead with;" that he hired Thompson, "they left it to me;" that his agreement was with the Sister Superior and as to the employment of men, "she leaves that up to me."

"Q. Were you supposed to work on it steadily until it was finished? A. As long as they wanted anything done around there."

"Q.   If the Sister Superior should tell you to discharge this man, you would discharge him?   A.   Yes, I sure would."

From the foregoing it appears that this was not a contract job. Cain was in the employ of the hospital. He was its foreman on this particular kind of work. While he was permitted to employ and discharge men under him, there is no evidence that such was his exclusive right under the terms of his employment. In fact the contrary very clearly appears. The findings of the Commission used the language "claimant was working for and employed by one Floyd Cain," but it is perfectly apparent that this was but another way of saying that Cain employed him for the hospital.

The evidence is not entirely satisfactory and the findings technically deficient, but we think there is ample in this record to support the award.

The judgment is accordingly reversed with directions to the district court to affirm the findings and award of the Commission.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE ADAMS concur.