## No. 11,123.

### INDUSTRIAL COMMISSION, ET AL. *v.* HAMMOND.

Decided June 1, 1925.

Proceeding under workmen's compensation act. Judgment for employer.

## *Reversed.*

1. WORKMEN'S COMPENSATION—*Constitutional Law.* Amended section 16, section 27, and section 49 of the workmen's compensation act, held not unconstitutional.

2. *Lessor—Liability.* The liability of the lessor of a business, under the workmen's compensation act, is fixed by section 49 (S. L. '19, p. 717), irrespective of the number of men employed.

3. *Bond.* Section 27 of the workmen's compensation act providing for the giving of a bond conditioned for compliance with the terms of the award, held not objectionable because not passed until after the claim in question accrued, such provision relating to the remedy and being to the advantage of the employer.

4. *Acceptance of Act—Presumption.* Defendant in a workmen's compensation case may not complain, because failing to file notice that he did not accept the provisions of the act, he is presumed to have accepted them.

5. *Lessor—Liability.* A person conducting a business by leasing is liable for the accidental death of an employe under the provisions of section 49 of the workmen's compensation act.

6. *Commission Findings—Effect.* Findings of the industrial commission on disputed questions of fact are final.

7.    *Employe or Independent Contractor.* Factors for determining whether a workman is an employe or independent contractor, enumerated and discussed, and the workman in the instant case held to have been a servant and not a contractor.

8.    *Compensation—Medical and Surgical Expense—50 per cent Clause.* The provision of the workmen's compensation act, that compensation awarded against him may be increased 50 per cent, does not apply to an award for medical, surgical, nursing and hospital treatment.

*Error to the District Court of Saguache County, Hon. Jesse C. Wiley, Judge.*

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. JOSEPH P. O'CONNELL, Assistant, Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JOHN F. REYNES, Assistant, Messrs. TUPPER & SMITH, for plaintiffs in error.

Mr. AUGUSTUS PEASE, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

WALTER J. MAY met with an accidental death while hauling lumber for one Rathbun, lessee of defendant in error Hammond, neither of whom carried industrial insurance. Deceased's widow, on behalf of herself and children, made claim against Rathbun and Hammond under the Workmen's Compensation Act and obtained judgment. Hammond took the cause to the district court where the findings and award as to him were set aside. To review that judgment this writ is prosecuted.

Hammond owned a sawmill which he leased August 15, 1922 to Rathbun, including machinery, tools and equipment. The lease was for one year. By its terms Rathbun agreed to produce three hundred thousand feet of lumber from the mill, and Hammond agreed to pay charges due the government for the cutting, and was to receive as rent one-

sixth of the finished product delivered on cars, or one-sixth of the net proceeds. Rathbun employed the deceased, at $4.00 per thousand, to haul logs from the timber to the mill, and lumber from the mill to the railroad cars, using his own team and wagon. November 2, 1922, May was killed while so employed.

Amended section 16 of the Workmen's Compensation Act (Laws 1923, p. 733), reads as follows: "Every employer of four or more employees (not including private domestic servants and farm and ranch laborers), engaged in a common employment, shall be conclusively presumed to have accepted the provisions of this Act, unless, prior to the date such employer becomes the employer of four or more persons, he shall have filed with the Commission a notice in writing to the effect that he elects not to accept the provisions of this Act or unless said employer has rejected the provisions of the Workmen's Compensation Act of Colorado in conformity with the provisions of said Act as heretofore existing."

Section 27 of the Act (Laws 1923, p. 736), provides that if an employer, subject to the terms of the act, carries no insurance, and one of his employes who has not rejected the act as therein provided is killed or injured, compensation may be claimed according to the terms of the act, "and in any such case the amounts of compensation or benefits provided in this act shall be increased fifty per cent."

The same section further provides that the present value of the compensation awarded shall be paid to a designated trustee, or a bond given conditioned for compliance with the terms of the award, and in the event the employer shall fail to pay or give bond the award may be filed in the office of the clerk of the district court, recorded in the judgment book and judgment docket, "and shall thenceforth have all the effect of a judgment of the District Court, and execution may issue thereon out of that court as in other cases."

Section 49 of the act (Laws 1919, p. 717), reads in part: "Any person, company or corporation operating or en-

gaged in or conducting any business by leasing, or contracting out any part or all of the work thereof to any lessee, sublessee, contractor or subcontractor, shall irrespective of the number of employes engaged in such work, be construed to be and be an employer as defined in this act and shall be liable as provided in this act to pay compensation for injury or death resulting therefrom to said lessees, sublessees, contractors and subcontractors and their employes, * * * and such lessee, sublessee, contractor or subcontractor, as well as any employe of such lessee, sublessee, contractor or subcontractor, shall each and all of them be deemed employes as defined in this act. Such employer shall be entitled to recover the cost of such insurance from said lessee, sublessee, contractor, or subcontractor, and may withhold and deduct the same from the contract price. * * *."

The commission found that May was employed by Rathbun; that the death was caused by an accident arising out of and in the course of decedent's employment; that the widow and children were dependents, and sole dependents, of deceased; that Rathbun was operating the mill under a lease from Hammond, the owner; that neither carried insurance; that Rathbun employed four or more employes regularly in such operation. The compensation allowed by the commission was increased fifty per cent on account of the failure of lessor and lessee to carry insurance, and the medical, surgical, hospital and undertaker's claims were likewise increased fifty per cent. It was further ordered by the commission that the lessor and lessee execute a bond for compliance with the order or pay to the trustee the present value of the compensation awarded.

The record before us does not disclose the grounds upon which the district court set aside the findings and award as to defendant in error, but it is contended said sections 16, 27 and 49 of the act are unconstitutional. As similar statutes have repeatedly been declared constitutional and as counsel for defendant in error seems to attach little im-

portance to this contention and presents no new reason for his position, we feel it unnecessary to examine it in detail. We find nothing in said sections in conflict with the Constitution.

It is next asserted that the evidence does not support the finding that in the operation of the mill in question Rathbun, at the time of the accident, employed regularly four or more persons. That finding we think amply supported, but in view of the fact that Hammond's liability, if any, is fixed by said section 49 irrespective of the number of employes, the question is immaterial.

Defendant in error objects to that portion of the findings and decree requiring him to give bond, on the ground that the amendment to section 27 was not passed until this claim accrued, and if invoked here would therefore be retroactive. The point is not well taken first, because that portion of the section in question relates only to the remedy, and second, because it is for his advantage, merely providing a method by which he may escape immediate payment. He is not obliged to give the bond unless he elects to do so.

Neither can defendant in error complain because, under said section 16, the act is applied to him on the presumption that he has accepted it because of his failure to file with the commission a notice of his election not to accept. The legislature might have made the statute mandatory. Defendant in error is merely given the privilege of escaping its provisions by filing a notice.

That Hammond conducted the sawmill business by leasing it to Rathbun and is therefore liable under said section 49 seems to us too clear for argument. His counsel insists that a single act of leasing does not constitute "operating" or "conducting" business, within the meaning of the section, and cites in support of that position numerous cases in which we have decided what does or does not constitute engaging in business. These authorities are not in point. The language here is "any person * * * operating or engaged in or conducting any business by

leasing." Hammond owned this mill and equipment and he operated it and engaged in and conducted the business by leasing to Rathbun. His income from the lease depended entirely upon the operation of the mill and the conduct of the business.

The principal contention, however, of defendant in error, is that deceased was not an employe, but an independent contractor and as such not subject to the terms of the Workmen's Compensation Act. It is not always easy to determine when one performing labor for another is a servant and when a contractor. Each case must be decided upon its own facts and where these are in dispute the finding of the commission is final. Among the factors more or less controlling are: Does the workman give all or only a part of his time to the work; does the contract contemplate labor on the job, or the completion of it, or some portion of it; has the laborer or the employe control of the details; which may employ, control and discharge assistants; which furnishes the necessary tools and equipment; may either terminate the employment without liability to the others; is compensation measured by time, or by the piece, or by lump sum for the entire task? Of these the most important, in determining the main question, is the right of either to terminate the relation without liability. Where such right exists the workman is usually a servant. Where it does not exist he is usually a contractor. The measure of compensation is also important for where it is based upon time or piece the workman is usually a servant and where it is based upon a lump sum for the task he is usually a contractor. Where the employment is general, as opposed to one for the completion of a given task according to plan, price and terms agreed upon, the relation of master and servant is presumed in the absence of proof to the contrary. *C. R. I. & P. Co. v. Bennett*, 36 Okla. 358, 128 Pac. 705; 20 A. L. R. 678.

Evidence of the particulars of the contract in the instant case is meager, but it is fair to conclude that it was gen-

eral; that May gave all his time to the work; that the contract merely contemplated labor on the job, not its completion; that either might terminate the relation without liability to the other; and that compensation was measured by the piece, not by a lump sum, for the task. Such are the conclusions we are bound to assume the commission reached. May was then a servant not a contractor, and the statute covers that service.

Finally defendant in error insists that the commission erred in adding fifty per cent to the medical, surgical, hospital and undertaker's claims, and in this we think he is correct. Section 51, L. 1919, p. 719, imposes upon the employer the duty of furnishing medical, surgical, nursing and hospital treatment and supplies and apparatus for a fixed time and to a fixed minimum regardless of the compensation allowed, and where such bills are not paid but are included in the award they are paid direct to those who have rendered the service or furnished the supplies. In view of these facts we cannot construe the words "compensation or benefits", used in that portion of said section 27 hereinbefore quoted, as including such expenses.

The judgment of the district court, so far as it relates to the defendant in error, is reversed, and the cause remanded with directions to affirm the award of the commission save as to the fifty per cent added by it to the medical, surgical, hospital and undertaker's claims, which portion of the award is hereby set aside.

MR. JUSTICE CAMPBELL not participating.