## No. 11,357.

### INDUSTRIAL COMMISSION, ET AL. v. BONFILS, ET AL.

Decided November 9, 1925. Rehearing denied December 21, 1925.

Proceeding under the workmen's compensation act. Award to claimant by the industrial commission, set aside by the district court.

### *Reversed.*

1. WORKMEN'S COMPENSATION—*Employe or Contractor.* One engaged by a coal company to haul coal with his own truck at a fixed price per ton, held, under the facts disclosed, to be an employe and not a contractor.

2. MASTER AND SERVANT—*Words and Phrases—Servant.* A servant is one whose employer has the order and control of work done by him, and who directs or may direct the means as well as the end.

3. *Servant—Contractor.* It is the power of control, not the fact of control, that is the principal factor in distinguishing a servant from a contractor.

4. WORKMEN'S COMPENSATION—*Undisputed Facts—Legal Conclusions.* The facts being undisputed on the question of whether a workman was an employe or a contractor, the question is one of law.

   The Supreme Court on review of an industrial commission case is not bound by the commission's conclusions of law.

5. INDUSTRIAL COMMISSION—*Right Award—Wrong Reason—Review.* The reason given for a proper award by the industrial commission, if erroneous, will not prevent an affirmance of the award by the Supreme Court on review.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, Mr. OTTO FRIEDRICHS, Assistant, Mr. FOSTER CLINE, Mr. GEORGE A. TROUT, for plaintiffs in error.

Mr. JOHN T. BOTTOM, Mr. PAUL F. IREY, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

The Continental Investment Company operated a coal yard under the name of the Post Coal Company. Edward G. Sprigg was accidentally killed while hauling coal for that company, and Martha Sprigg, his widow, claims compensation. The defense is that he was not the employee of the company. The commission gave her an award which the district court set aside and the case comes here on error.

The attorney general for the commission claims that Sprigg was an employee of the defendant in error, under section 9 of the workmens' compensation act (chapter 80, C. L. '21), and also under section 49. Said section 9 is as follows: "The term employee shall mean and include: * * * every person in the service of any other person * * * under any contract of hire, express or implied * * * ."

Was Sprigg in the service of The Continental Investment Company under a contract of hire? We think he was. He was engaged to haul coal with his own truck to customers of the company at a fixed price per ton; he was allowed to haul it himself or employ others; he was allowed to come and go as he pleased; need not report for work at any time nor at all unless he chose; could work for others if he desired. He called at the yard when he pleased, and

was given coal to haul if there was any to be hauled when he called. The company was under no obligation to give him work, and he was under no obligation to work for the company, therefore he could quit when he chose and the company could discharge him when it chose. This was service for hire.

A servant is one whose employer has the order and control of work done by him and who directs or may direct the means as well as the end. *Arnold v. Lawrence,* 72 Colo. 528, 530, 213 Pac. 129. By virtue of its power to discharge, the company could at any moment direct the minutest detail and method of the work. The fact, if a fact, that it did not do so is immaterial. It is the power of control, not the fact of control, that is the principal factor in distinguishing a servant from a contractor. *Franklin Coal & Coke Co. v. Ind. Com.,* 296 Ill. 329, 129 N. E. 811. The most important point "in determining the main question (contractor or employee), is the right of either to terminate the relation without liability." *Industrial Com. v. Hammond,* 77 Colo. 414, 236 Pac. 1006. This is a confirmation by this court of the rule above stated as to control, because the right immediately to discharge involves the right of control.

Sprigg was not employed "for the completion of a given task according to plan" (*Industrial Com. v. Hammond supra*); nor to haul a certain amount of coal (*McKinstry v. Guy Coal Co.,* 116 Kan. 192, 225 Pac. 743, 38 A. L. R. 837), the amount of his work was not fixed either by time or measure (*Muncie Co. v. Thompson,* 70 Ind. App. 157, 123 N. E. 196); his work did not involve the furnishing of capital, shop facilities or assistants, and he did not contract "to do certain work" or to furnish any materials (*Arnold v. Lawrence, supra*). He was not an independent contractor.

There are cases cited by defendant in error at variance with this, but they overlook, as it seems to us, the point that the right to immediately discharge gives complete control. In *Norton v. Day Coal Co.,* 192 Iowa, 160, 180

N. W. 905, the court says a contractor. is subject to no orders, but, as we have shown, Sprigg was subject to any orders the company might give. If I hire Smith to plow for me at $4.00 per acre he is my servant; if Smith agrees to plow my 20 acres at four dollars per acre and I agree to pay him that sum for it he is an independent contractor. In the first case I can discharge him at will and therefore control him. In the second I cannot discharge him or control him except as to result. We cannot attempt a comprehensive definition of employee or contractor, but the above are enough to show that Sprigg was the former.

The commission found that Sprigg was an employee under the definition of section 49; the district court held that section unconstitutional and was under the impression that the commission's finding precluded the proposition that he was an employee as defined in section 9; this court, however, is not bound by the commission's conclusions of law. C. L. sec. 4482. The facts were undisputed and the question is one of law not fact. We think the commission's finding that Sprigg was an employee was correct under section 9. If their reason was wrong, which we do not say, that would not prevent affirmance of the award. We think, therefore, that the findings of fact by the commission support its award; that the commission acted not without power and was within its power. These conclusions relieve us of the consideration of the constitutional question as to section 49. But see *Industrial Com. v. Continental Inv. Co.*, 78 Colo. 399, 242 Pac. 49.

The judgment of the district court is reversed with directions to affirm the award.

MR. JUSTICE SHEAFOR and MR. JUSTICE CAMPBELL not participating.