## No. 11,977.

DE BEQUE PRODUCERS ASSOCIATION v. INDUSTRIAL COMMISSION, ET AL.

Decided January 3, 1928.

Proceeding under the workmen's compensation act. Judgment for claimant.

### *Affirmed.*

1. WORKMEN'S COMPENSATION—*Employee.* Evidence reviewed and the commission's finding, that claimant was an employe and not an independent worker, sustained.

2.     *Commission Findings.* In reviewing a finding of the industrial commission that claimant was an employe, evidence to the contrary cannot be considered by the Supreme Court.

3.     *Employee.* In determining whether or not a claimant is an employee, the measure of his compensation is not a controlling factor.

4.     *Fifty Per Cent Penalty.* An employer who fails to insure under the workmen's compensation act, is liable for fifty per cent additional compensation to an injured employee.

5.     *Assignment of Employer for Benefit of Creditors—Effect.* The fact that an employer makes an assignment for the benefit of his creditors does not deprive the industrial commission of jurisdiction of a pending proceeding for workmen's compensation. His liabilities are not changed by the assignment, although his ability to meet them may be.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. William E. Hutton, Mr. B. B. McCay, Messrs. McMullen, Sternberg & Helman, for plaintiff in error.

Mr. William L. Boatright, Attorney General, Mr. Jean S. Breitenstein, Assistant, for defendants in error.

*Department One.*

Mr. Justice Denison delivered the opinion of the court.

May was awarded compensation by the commission and the district court affirmed the award. The association brings error. The principal question is, was May an employee of the association?

The commission found "That the claimant herein was engaged with one Edwards in operating a threshing machine for the De Beque Producers Association. The two men were paid a percentage of the money received from the operation of the machine. Payments for the

work done were made direct to the company and the men were paid by the company.''

''The commission finds that the claimant was an employee as defined by law.''

It further finds an accident arising out of and in course of employment, etc., and that the employer employed four or more men and was uninsured and is liable for compensation and fifty per cent additional. The judgment was right.

It is claimed that there is no sufficient evidence to support the finding that May was an employée; that the evidence, in addition to the facts found by the commission as above stated, is that May and Edwards controlled their own movements entirely without direction or instruction by the association; but this is not accurate. The claimant testified: ''Q. Who had charge of the machine as to where you were to work and for whom you were to work? A. Why, Hamilton [the manager of the association] and I, we discussed that between us —discussed the matter. Q. Whose machine was it? * * * A. The association's machine. Q. Who had control of the machines, as to where they should be worked? A. Why we both had control to a certain extent. I would not take the machines anywhere he told me not to, but at the same time he was not on the job, you know. I handled the machine from job to job myself. Q. Did he have any direction over you? A. Certainly.''

They all, May, Edwards and Hamilton conferred together as to where and for whom they should work.

''I was in charge during Mr. Hamilton's absence, but at no time would I have went ahead and done anything he told me not to. Q. That was because he was interested with you in it? A. Oh! I do not know; we never had any contract as to that. * * * Before we went to work we talked over a flat wage rate, and then I proposed this, because I says, 'it will give us an incentive to work and accomplish more—the more we do the more we make'— and I preferred that in preference to a straight wage basis.''

He said the authority of himself and Edwards to choose for whom they would work was the same as that of other men working for other employers on a straight wage basis. " * * * * He [Hamilton] had authority—if I had said to him 'I would like to go that way,' and he said 'you go the other way,' I would have went the other way. * * * If.he didn't like my work he had authority to fire me."

This and-other testimony of the kind was enough, if believed, to justify the conclusion that May was an employee. The evidence to the contrary we cannot consider. *Industrial Com. v. Hammond,* 77 Colo. 414, 236 Pac. 1006. There is no documentary evidence. The association might at any moment direct May and Edwards about the work as they saw fit. *Industrial Com. v. Continental Inv. Co.,* 78 Colo. 399, 242 Pac. 49; *Arnold v. Lawrence,* 72 Colo. 528, 530, 213 Pac. 129; *Industrial Com. v. Bonfils,* 78 Colo. 306, 241 Pac. 735. The measure of their compensation is not a controlling factor. Id. The cases cited that the master or mate of a ship who gets shares of freight as pay are not employees or workmen are not in point. The owner can give no orders about the management of the ship, nor discharge master or mate at will, during a voyage.

It is claimed that the fifty per cent additional was wrongly allowed, but, if May was an employee, then, since the association did not insure, the liability is plain. *Index Mines Corp. v. Industrial Com.,* 82 Colo. 272, 259 Pac. 1036. If May were not an employee the association would be liable for nothing.

The claimant filed his claim with the commission April 6, 1926. The association made an assignment for benefit of creditors in the district court of Mesa county, April 19, 1926. It is contended that this deprived the commission of jurisdiction. One reason given for this contention is that claims against an assignee can be enforced only by leave of court, and that the court has power over all claims to be paid out of the assignee's

assets. It does not follow, however, that a suit or any legal proceeding may not be pursued against the assignor. His liabilities are not changed by the assignment though his ability to meet them may be. The question of the rights of the claimant against the assignee's fund is not before us.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.