No. 31,467

MARY EVA MILES et al., *Appellees,* v. JACK WYATT, FISHER & LAUCK and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, *Appellants.*

(28 P. 2d 748.)

Opinion filed January 27, 1934.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith* and *C. H. Morris,* all of Wichita, for the appellants.

*George A. Jeffery* and *Orie R. Nelson,* both of Wichita, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal brings here for review an award of compensation to dependents of a workman, Oscar Miles, a caser of oil wells, who was accidentally killed while working for Jack Wyatt, who operated a casing crew and worked for a number of oil companies, including Fisher & Lauck, drillers and producers. Wyatt and his crew handled the casing jobs of the defendants, but did not work continuously for them. He worked only when casing jobs were called for. When at work on a job Miles received $8 per day, and when at work payment was made at the end of each week or when the job was completed. Miles had worked fifty-five days in the year previous to his death, for which he was paid $517.55. When not employed at casing for defendants he did some work for others, for which he was paid $192.85. The commissioner determined that his daily wage was $8 per day, and to compute his yearly earnings on the daily wage mentioned it should be multiplied by the number of working days in the year and not for the time when he was actually at work.

Aside from the fact that Miles was killed on March 15, 1932, it

was stipulated by the parties that he received an accidental injury which caused his immediate death, that notice of his injury was had, that demand for compensation had been made as required by law, and that the Employers' Liability Assurance Corporation is the insurance carrier of the defendant, Fisher & Lauck. The commissioner found that Miles had a wife and three minor children, and that these were totally dependent upon the deceased, and that he was earning $8 per day or $48 a week of six days each. The award of the commissioner was $4,000. The defendants appeal.

Defendants contend that Miles had worked and earned, at his regular occupation during the last year, $517.55, to which should be added his earnings at odd jobs, $192.85, making a total of $710.40, and then multiplied this by three, making $2,131.20, and that this should have been the amount of the award. The statute must control. It is provided in R. S. 1931 Supp. 40-510 that:

"If a workman leaves any dependents wholly dependent upon his earnings, a sum equal to three times his average yearly earnings, computed as provided in section eleven (11) of this act, but not exceeding four thousand dollars ($4,000) and not less than fourteen hundred dollars ($1,400):" etc.

with several provisos not important at this time.

Turning to R. S. 1931 Supp. 44-511, we find:

"The average annual earnings of a workman shall, for the purpose of the provisions of this act, be computed as follows: (a) where the workman has been continuously employed by the same employer for one year or longer, the actual amount of money paid by the employer to the employee as wages or remuneration for his services during the year immediately preceding the injury, undiminished by loss due to absence from work on account of illness or other unavoidable cause. (b) Where the workman has been employed less than one year by the employer in whose employ he received the injury fifty-two times the average weekly amount which, during the twelve months immediately preceding the accident, was being earned by a person in the same grade employed at the same work by the same employer, undiminished by loss due to absence from work on account of illness or other unavoidable cause; and if there is no person in the same grade employed at the same work by the same employer, then fifty-two times the average weekly earnings of a person in the same grade employed by the same or other employer in the same district at the same or similar work or employment. (c) Where the workman has entered into concurrent contracts of service with two or more employers under which he worked at one time for one such employer and at another time for another such employer, his average annual earnings shall be computed as if his earnings under all such contracts were earnings in the employment of the employer for whom he was working at the time of the injury."

Reference was made to R. S. 1931 Supp. 44-511 for the computa-

tion, and it appears that the deceased was employed as a caser when called on by the Fisher & Lauck company for whom he was at work when he was accidentally killed. Then, according to the statute, since he was not employed for a year or longer, his compensation should be based on fifty-two times his average weekly earnings undiminished by loss due to illness or other unavoidable cause. It could not be determined in advance just when he might be called on for casing work, but when such work was demanded he was willing and ready to work at the fixed price of $8 per day. Defendants say that the loss of actual earnings is the basis of the compensation act and that the award given was more than he would have received had he lived. It is only a measure of compensation when the workman is accidentally killed while at work, and where he had not worked a full year when the accident occurred. It is not a case like one where the workman survived the accident. There are more than the immediate parties to the work interested. It has been said:

"Moreover, the workmen's compensation act was not passed for the benefit alone of the injured employee and the employer. It is well understood that there were supposed to be three parties interested; the employer, the employee and the public, and that a broad public policy moved the legislature to enact the measure because of the waste of life and limb in industrial accidents, and because the public, in the end, paid for the financial loss in the increased price of the product." (*Cramer v. Railways Co.,* 112 Kan. 298, 303, 211 Pac. 118.)

A case quite similar to the one under review is *McKinstry v. Coal Co.,* 116 Kan. 192, 225 Pac. 743. There the workman was paid so much a car, but the usual wage for the work was $8 a day. There he was regarded as an employee and had received the past year approximately $1,700 or $1,800 and was awarded the maximum amount of $4,000. It was there said that—

"When the mine in which the plaintiff worked was not in operation, he did not earn wages, but his compensation should not be reduced because the mine did not run full time. His compensation should be calculated for the period fixed by law, at the rate fixed by law, whether the mine was operated all the time or only part of the time." (p. 194.)

See, also, *Michael v. Jacob Dold Packing Co.,* 120 Kan. 684, 244 Pac. 1050; *Shay v. Hill,* 133 Kan. 157, 299 Pac. 263; 38 A. L. R. 839.

There are restrictions, in that a maximum is fixed at $4,000 and a minimum at $1,400. The days when by reason of unavoidable cause defendants were unable to furnish casing work for the de-

ceased, lost nothing to him as he held himself in readiness to perform such work when called upon and, in fact, was working in that capacity with defendants at the time of his injury and death.

We think he came within the statute, that his dependents were within the statute for measuring the compensation, and that the evidence was sufficient to sustain it. It follows that the maximum of $4,000 was a proper award to be made, and hence the judgment will be affirmed. It is so ordered.

HUTCHISON, J., not sitting.