No. 14,629.

WHITNEY ET AL. *v.* MOUNTAIN STATES MOTORS COMPANY
ET AL.
(102 P. [2d] 743)

Decided May 6, 1940.

Mr. BYRON G. ROGERS, Attorney General, Mr. FRANK
A. BRUNO, Assistant, Mr. W. P. KAVANAGH, for plaintiffs
in error.

Mr. DARWIN P. COIT, Messrs. BLOUNT, JANUARY &
YEGGE, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error are hereinafter referred to as Whitney and the commission, and defendants in error as Motors and the Globe, respectively.

Whitney did work for Motors whose industrial insurance was carried by the Globe. He sustained an injury in the course of and growing out of that work and filed his claim with the commission which awarded him compensation. The district court set aside that award and to review its judgment this writ is prosecuted. The crucial question is, Was Whitney an employee as held by the commission, or an independent contractor as held by the court?

■ If the question is one of fact, to be determined from conflicting evidence, it is for the commission. Whether there is a conflict, and the status of the claimant if there is not, are questions of law for the court. Such problems are often difficult of solution and each must be resolved upon its own facts. *Industrial Commission v. Hammond,* 77 Colo. 414, 236 Pac. 1006.

■ Whitney, who had never theretofore worked for Motors, was called in conference by its manager Davis concerning the painting of a room to be used as a show room. Asked how much it would cost and how long it would take he fixed a maximum of $34.00. Davis told him he wished him to "make wages on the job." Whitney was to furnish the necessary implements and materials, and did so, including two ladders. Preferring a ladder belonging to Motors, as more stable than one of his own, he borrowed it and while painting from a plank extending between the two he fell and was injured. His helper Stewart, with whom Motors had no agreement or dealings, but who was hired by Whitney by the day, completed the job. There was no agreement as to hours of work. Motors paid a total of $50.00, including payment for the paint. The excess above the contract price was gratuitous on the part of Motors because more paint than contemplated was required and Davis thought Whitney's bid had been too low.

Since Whitney furnished tools, material, and his own assistant, controlled his hours and manner of work, contracted for a lump sum for a certain completed job, and was responsible only for results, it seems clear that under our previous holdings he was an independent contractor. *Industrial Commission v. Hammond, supra; Arnold v. Lawrence,* 72 Colo. 528, 213 Pac. 129; *Industrial Commission v. Continental Inv. Co.,* 78 Colo. 399, 242 Pac. 49.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE OTTO BOCK dissent.

MR. JUSTICE OTTO BOCK dissenting.

I regret my inability to concur. So far as pertinent, section 288 (b), chapter 97, '35 C.S.A., defines the term "employee" as "Every person in the service of any * * * firm * * * under any contract of hire, express or implied, * * *." The commission found that claimant was an employee of the company and awarded compensation.

Considering all of the evidence contained in the meager record, I am of the opinion that the commission could make a reasonable inference therefrom that the oral contract here involved was one of employment, contemplating only labor on the job and nothing else, and hence, that claimant was an employee and not an independent contractor.

I do not consider the case of *Arnold v. Lawrence,* 72 Colo. 528, 213 Pac. 129, as controlling. The issues in that case do not relate to employment as defined in section 288 (b), supra.

MR. CHIEF JUSTICE HILLIARD concurs in this dissent.