## No. 17,766.

### INDUSTRIAL COMMISSION OF COLORADO, ET AL. *v.* VALLEY CHIP AND SUPPLY COMPANY, ET AL.

(293 P. [2d] 972)

Decided February 20, 1956.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for plaintiff in error Industrial Commission of Colorado.

Mr. DUANE O. LITTELL, for defendants in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

Plaintiff in error, Industrial Commission, will be referred to as the Commission, and plaintiff in error, Harold O. Milyard, as Claimant. Defendant in error, Valley Chip and Supply Company, will be referred to as the Company or as Employer, and defendant in error, Ocean Accident and Guarantee Company, Ltd., as Insurer.

This is a writ of error to review a judgment of the Denver District Court reversing an award of the Commission in favor of claimant in a proceeding arising under the Workmen's Compensation Act of Colorado (C.R.S. '53, 81-1-1, et seq.).

The sole question presented is whether Claimant was an employe of the Company on the date he sustained an injury, as hereinafter detailed.

Claimant was first employed by Employer on June 1, 1953 as a salesman of the Company's products; his compensation then being fixed at $75 per week. Two weeks later his salary, or compensation, was reduced to $40 per week, in addition to which he was to receive a commission on goods sold, ranging from seven to ten per cent. On September 1, 1953 he was put on a straight commission, or jobber basis, receiving eighteen per cent on everything he sold. Under this arrangement Claimant received merchandise from Employer, either picking it up at La Junta or receiving it via a transit line. He was furnished suggested selling prices. His territory was Pueblo, east to Sugar City and return. He chose his own routes and conducted his operations with a truck furnished by Employer, which truck had Employer's name painted thereon. Claimant was forbidden to sell merchandise other than Employer's so long as he drove Employer's truck. The money which Claimant received from the sale of Employer's merchandise was deposited in an open bank account in Pueblo and deposit slips were

sent to Employer, who could draw on this account. Claimant's hours of work were not supervised. Merchandise received by him was stored in his garage. Employer had no supervision over the merchandise after it left its control. Following the accident of February 9, 1954 for which compensation was demanded, Employer terminated its relationship with Claimant in a letter dated February 22, 1954, which stated:

" * * * I deeply regret to inform you that as of this date your duties with this company have been temporarily terminated, for the following reasons: 1. Inconsistent calling upon trade accounts. 2. Failure to make weekly check in at La Junta. 3. Constant loss of accounts. and business volume. 4. Failure to report the sales of outside purchased merchandise. (Oysters.) * * * You may also have some salary credit over and above inventory coming from the straight 18% deduction."

No hard and fast rule will serve to determine all cases of this type, and each is judged largely on its own particular facts.

On the record before it, the Commission determined that Claimant was an employe and entitled to compensation. In the District Court this award was set aside.

C.R.S. '53, 81-2-7, defines "employe." Included therein is every person in the service of another person, association of persons, firm or private corporation under any contract of hire, express or implied, except those whose employment is but casual and not in the usual course of trade or occupation of the employer. The definition is broad and obviously was so intended by the General Assembly. In *Industrial Commission v. Bonfils,* 78 Colo. 306, 241 Pac. 735, we said:

"A servant is one whose employer has the order and control of work done by him and who directs or may direct the means as well as the end. *Arnold v. Lawrence,* 72 Colo. 528, 213 Pac. 129. By virtue of its power to discharge, the company could at any moment direct the minutest detail and method of the work. The fact, if a

fact, that it did not do so is immaterial. It is the power of control, not the fact of control, that is the principal factor in distinguishing a servant from a contractor. *Franklin Coal & Coke Co. v. Ind. Com.*, 296 Ill. 329, 129 N.E. 811. The most important point 'in determining the main question (contractor or employe), is the right of either to terminate the relation without liability.' *Industrial Com. v. Hammond,* 77 Colo. 414, 236 Pac. 1006. This is a confirmation by this court of the rule above stated as to control because the right immediately to discharge involves the right of control.

"Sprigg was not employed 'for the completion of a given task according to plan' *(Industrial Com. v. Hammond,* supra); nor to haul a certain amount of coal *(McKinstry v. Guy Coal Co.,* 116 Kan. 192, 225 Pac. 743, 38 A.L.R. 837); the amount of his work was not fixed either by time or measure *(Muncie Co. v. Thompson,* 70 Ind. App. 157, 123 N.E. 196); his work did not involve the furnishing of capital, shop facilities or assistants, and he did not contract 'to do certain work' or to furnish any materials *(Arnold v. Lawrence,* supra). He was not an independent contractor."

See, also, *Industrial Commission v. State Compensation Fund,* 122 Colo. 128, 220 P. (2d) 721, and *Industrial Commission v. Santarelli,* 109 Colo. 84, 122 P. (2d) 239.

The letter terminating the relationship, together with the admitted fact that claimant was to devote his time exclusively to the distribution of employer's products, is, we think, a clear indication that the claimant was an employe. The absolute right to terminate the relationship without liability, which the company here had and exercised, is inconsistent with the concept of independent contractor. The Commission did not find that claimant was an independent dealer whose basic function was to purchase and resell commodities.

The Commission's finding and award is supported by competent evidence in the record.

The judgment is reversed and the cause remanded with instructions to the trial court to enter judgment affirming the award of the Industrial Commission in favor of claimant.